[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2001
THOMAS K. KAHN
CLERK

No. 00-13904
Non-Argument Calendar

_____

D. C. Docket No. 97-02024-CV-UUB

JACK MASSENGALE,
KENNETH MASSENGALE,

Plaintiffs-Appellants,

versus

MICHAEL RAY,
NEIL KOLNER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 4, 2001)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The precise issue in this case is apparently one of first impression in any circuit—whether a *pro se* litigant may be awarded attorneys' fees as sanctions under Federal Rule of Civil Procedure 11.

Jack and Kenneth Massengale ("Massengale") appeal the district court's order imposing sanctions against them, pursuant to Rule 11, in their *pro se* federal diversity action for unlawful acquisition of property. Massengale argues that the district court erred in awarding $25,000 in sanctions to Neil Kolner, a *pro se* defendant who also is a lawyer, based on the value of attorneys' fees Kolner incurred in defending the suit. Massengale argues that Kolner is not entitled to fees for his own legal work. Massengale also argues that Rule 11 sanctions were not appropriate because Kolner failed to provide the district court with evidence that Massengale's case or pleadings (1) had no reasonable factual basis, (2) were based on a legal theory that had no reasonable chance of success, or (3) were filed in bad faith or for an improper purpose. He also asserts that the prior litigation cited by Kolner as evidence of Massengale's history of bad faith was irrelevant to the instant case. Finally, Massengale argues that Kolner presented no evidence to support his contention that he spent over 200 hours and incurred $25,000 in fees defending the case.

## BACKGROUND

Jack Massengale, as a trustee for his minor son, Kenneth Massengale, filed a federal diversity action for unlawful acquisition of property against (1) Michael Ray, (2) Neil Kolner, (3) the Sheriff of Dade County, Florida, in his official capacity, (4) the Clerk of the Circuit Court for Dade County, in his official capacity, and (5) two unnamed defendants. Massengale subsequently filed an amended complaint against the same parties. Kolner filed a motion to dismiss the complaint, which the district court denied. Massengale filed a motion to amend his complaint along with a second-amended complaint. The district court granted Massengale's motion to amend, but found that his second-amended complaint failed to state a cause of action under either Florida or federal law. The district court stated that it would allow Massengale an opportunity to refile the second-amended complaint to clearly state a cause of action.

Prior to the district court's granting Massengale's motion to amend, Kolner filed a motion for sanctions pursuant to Rule 11. Kolner argued that Massengale violated Rule 11 because: (1) Massengale's pleadings had been filed to harass and cause unnecessary delay; (2) Massengale's claims lacked evidentiary support and were unsupported by existing law; and (3) Massengale continued to practice law despite having been disbarred. Kolner pointed to assertions he made in his motion to dismiss to support his claim, as well as various district court orders that he

3

claimed showed Massengale's violations of the rules. The magistrate judge recommended that the motion be denied, finding that: (1) the case file did not show that Kolner had complied with Rule 11's safe-harbor provision, which requires the challenged party be given twenty-one days to withdraw or correct the challenged paper or claim; and (2) the district court had denied Kolner's motion to dismiss (upon which he had relied to support his motion for sanctions). The district court reversed the magistrate judge's report and recommendation and remanded for consideration of the sanctions issue, finding Kolner had satisfied Rule 11's safe-harbor requirement and that the magistrate judge had failed to consider all of the documents Kolner relied upon in support of his motion.

Massengale refiled his second-amended complaint after the district court denied Kolner's first motion to dismiss. Kolner moved to dismiss the second-amended complaint, alleging that the complaint: (1) failed to allege sufficient facts to support diversity jurisdiction; (2) failed to state a claim upon which relief could be granted because it did not cite to any relevant Florida or federal law; (3) failed to join an indispensable party as a plaintiff; and (4) asserted claims against dismissed defendants. The court granted Kolner's motion to dismiss, finding that Massengale improperly alleged claims against dismissed defendants and that he failed to comply with the court's prior order to clearly state a cause of action under

4

Florida or federal law. The court gave Massengale fifteen days to file an amended complaint in accordance with its instructions.

Massengale filed an amended complaint, and Kolner then filed a motion to dismiss the amended complaint or, in the alternative, for summary judgment. Kolner argued that the complaint still failed to state a cause of action under Florida or federal law, and contended that the complaint should be dismissed with prejudice due to Massengale's repeated failure to comply with court orders and rules. Prior to Kolner's motion, the court had—on two occasions—ordered Massengale to file a written response explaining why a document submitted with one of his motions contained different information than the original copy of that document in the court file. Massengale failed to respond to either court order.

After considering its own orders to show cause and Kolner's motion to dismiss, the district court dismissed Massengale's action with prejudice.[1] Kolner then filed a motion to reinstate his Rule 11 motion for sanctions, asserting it had remained pending after the district court's reversal of the magistrate judge's report. The magistrate judge recommended that Kolner's motion be denied, as the district court had already imposed a severe sanction by dismissing Massengale's complaint

---

[1]We affirmed this decision in *Massengale v. Ray*, 11th Cir. 2000, 210 F.3d 393, (No. 99-4313, Feb. 15, 2000) (unpublished table decision).

with prejudice. The district court reversed the magistrate judge's decision and reinstated Kolner's motion. The district court found that Massengale's complaint had been dismissed due to his failure to follow court orders and possible alteration of exhibits. Because Kolner's motion for Rule 11 sanctions was based on conduct that occurred prior to the dismissal of the complaint, the district court reasoned that the motion warranted review.

Following a hearing, the magistrate judge recommended that Kolner's motion for sanctions be granted. The magistrate judge found that Massengale failed to present evidence demonstrating that he filed his amended complaint in good faith and that the case had factual and legal support. The magistrate judge concluded that Rule 11's deterrence goal could be met by imposing a sanction that would compensate Kolner for the value of attorney's fees incurred as a result of Massengale's conduct. Based on Kolner's testimony at the hearing, the magistrate judge determined that $25,000 represented reasonable attorney's fees for the time Kolner spent on the case, and that it was the minimum amount that adequately would deter Massengale from future lawsuits.

The district court adopted the magistrate judge's report and recommendation and granted Kolner's motion for Rule 11 sanctions. This appeal followed.

DISCUSSION

6

We review a district court's award of Rule 11 sanctions for abuse of discretion. *Baker v. Alderman*, 158 F.3d 516, 521 (11th Cir. 1998). Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "[T]he selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion." *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987) (en banc). If warranted for effective deterrence, an appropriate sanction may include "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses" incurred as a result of the Rule 11 violation. Fed. R. Civ. P. 11(c)(2). The goal of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Donaldson*, 819 F.2d at 1556 (internal quotation marks and citation omitted).

Massengale argues that the district court erred in awarding attorney's fees to Kolner pursuant to Rule 11 because Kolner represented himself in the case. Massengale contends that under *Ray v. U.S. Dep't of Justice*, 87 F.3d 1250 (11th

7

Cir. 1996), Kolner is not entitled to fees for his own legal work. Massengale also argues that the district court was without a proper legal basis for imposing sanctions pursuant to Rule 11. We consider first whether Rule 11 allows for an award of attorney's fees to a *pro se* litigant.

In *Ray*, we considered whether a district court could award attorney's fees to a *pro se* litigant who was also a lawyer under the fee shifting provision of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E). The panel relied on *Kay v. Ehler*, 499 U.S. 432 (1991), in which the Supreme Court decided that a *pro se* litigant could not be awarded attorneys' fees under 42 U.S.C. § 1988. The Court decided that the "overriding statutory concern" of section 1988 was to encourage the retention of independent counsel by victims of civil rights violations, and awarding fees to *pro se* litigants would discourage plaintiffs from retaining independent counsel. *Kay*, 499 U.S. at 437. In *Ray*, we noted that the fee shifting provisions of the FOIA and section 1988 were "substantially similar." *Ray*, 87 F.3d at 1251. Thus, we concluded that the statutes should be interpreted similarly, and that awarding attorney's fees to *pro se* litigants under the fee shifting provision of the FOIA would frustrate the policy of encouraging litigants to retain independent counsel. *See id.* at 1251–52.

The policy underlying Rule 11 is not to encourage litigants to retain independent counsel; rather, "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Donaldson*, 819 F.2d at 1556 (internal quotation marks and citation omitted). Also, "sanctions may be imposed for the purpose of deterrence, compensation and punishment." *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992). "The type and amount of sanction imposed calls for the proper exercise of a district court's discretion." *Id.* (citing *Donaldson*, 819 F.2d at 1557). It appears that the district court properly concluded that Massengale violated Rule 11, and that the court could, in its discretion, impose sanctions against Massengale. Whether the district court properly exercised its discretion in this case is another matter.

While it is true that the purpose behind Rule 11 sanctions is deterrence and punishment, and not to encourage litigants to retain independent counsel, we cannot conclude that Rule 11 allows for an award of attorneys' fees to a *pro se* litigant as a sanction. When a district court determines that an "attorney or unrepresented party" has violated Rule 11(b), it "may . . . impose an appropriate sanction upon the . . . part[y] that . . . violated subsection (b) . . . ." Fed. R. Civ. P. 11 (b), (c). The sanction imposed may include "an order directing payment to the

9

movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2). Because a party proceeding *pro se* cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a *pro se* litigant a reasonable attorney's fee as part of a sanction. In *Ray*, we observed that:

> [T]he word "attorney" generally assumes some kind of agency (that is, attorney/client) relationship. The fees a lawyer might charge himself are not, strictly speaking, "attorney's fees." And, where a lawyer represents himself, legal fees are not truly a "cost" of litigation--no independent lawyer has been hired (or must be paid) to pursue the . . . complaint.

*Ray*, 87 F.3d at 1251 n.2 (citations omitted). Because Kolner did not incur legal fees as a cost or expense in representing himself, the district court erred in awarding $25,000 in attorney's fees to Kolner as a sanction upon Massengale. [2] The award violated the plain language of Rule 11, and the district court abused its discretion in imposing it.

CONCLUSION

---

[2]Kolner specifically sought attorney's fees as the sanction, as though he had been represented by counsel, instead of seeking to recover sanctions measured by lost income resulting from time away from his practice. Therefore we have no occasion to decide whether a *pro se* litigant, either a lawyer or a nonlawyer, could properly seek and be awarded a Rule 11 sanction measured by the loss of income that litigant suffered as a result of having to take time off work to respond to the sanctionable conduct. We reserve that question for future decision.

10

We agree with the district court's conclusion that Massengale violated Rule 11. Because Massengale is a person who signed papers filed with the court, the district court can impose, within its sound discretion, appropriate sanctions that would serve Rule 11's deterrent purpose. The district court cannot, however, impose sanctions including the award of attorney's fees to a *pro se* litigant. We therefore **VACATE** the order imposing sanctions and **REMAND** to the district court for further proceedings consistent with this opinion.