[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10812
Non-Argument Calendar

_____

D. C. Docket No. 08-00186-CV-CAR-5

MICHAEL BERNARD KING,

Plaintiff-Appellant,

versus

ERIC FARRIS,
Individually and in his official Capacity as
Police Officer for the City of Byron,
KAREN AROMATORIO,
Individually and in her official Capacity as
Judge for the City of Byron, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 16, 2009)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Michael King, an attorney proceeding *pro se*, appeals the dismissal of his civil rights complaint and the district court's imposition of sanctions pursuant to Federal Rule of Civil Procedure 11(b). King contends the district court did not have subject-matter jurisdiction over his complaint. King asserts the court was therefore without authority to dismiss the complaint and impose Rule 11 sanctions, and it should have instead reconsidered its dismissal and granted his motion to remand the case.

## I. JURISDICTION, DISMISSAL, AND RECONSIDERATION

We review questions of jurisdiction *de novo*, including a district court's denial of a motion to remand. *Bailey v. Janssen Pharmaceutica Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008). Pursuant to the well-pleaded complaint rule, a suit "arises under" federal law when "the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) (quotations and alteration omitted). "A complaint alleging a colorable federal cause of action confers district court jurisdiction even if the complaint is ultimately dismissed for failure to state a claim." *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1238 (11th Cir. 2008).

King has conflated the requirements for a district court to assert jurisdiction with those necessary for a claim to survive a motion to dismiss under Federal Rule

2

of Civil Procedure 12(b)(6).  His complaint expressly relies upon federal law, and thus the district court did not err in exercising its subject-matter jurisdiction. Because King has only argued the district court's dismissal was improper on jurisdictional grounds, he has abandoned any argument the dismissal was inappropriate on other grounds.  *See Corbitt v. Home Depot U.S.A., Inc.*, 573 F.3d 1223, 1253 n.21 (11th Cir. 2009) (stating arguments are abandoned if not presented in a party's brief on appeal).

Regarding King's motion for reconsideration, "a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quotations omitted).  King's motion for reconsideration merely restated his previously submitted arguments, and the district court did not abuse its discretion in denying it.  *See Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1261 (11th Cir. 2008) (reviewing a denial of a motion for reconsideration for abuse of discretion).

## II.  SANCTIONS

The court's award of sanctions and attorneys' fees was not an abuse of discretion.  *See Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (reviewing a district court's award of Rule 11 sanctions for abuse of discretion).

For reasons previously stated, King's argument the court was without jurisdiction to award sanctions is inapposite. The district court considered King's suit a means to harass a police officer and a judge, and it concluded King's motion to remand and his continued arguments the complaint did not involve a federal question were frivolous. King sued the city, a police officer, and a traffic court judge for $1.5 million based on an unfavorable disposition of a citation in traffic court. When the case was removed to federal court, he sought to remand the case back to state court, despite the complaint's express invocation of multiple federal statutes and the United States Constitution. After the district court dismissed the case for failure to state a claim, King continued to argue the case did not involve a federal cause of action. On the morning of his sanctions hearing, King filed a motion to reconsider, which was substantially a recitation of his original argument, and he moved to recuse the presiding judge, despite knowing of the judge's involvement for many months. "The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale*, 267 F.3d at 1302 (quotations omitted). Considering King's actions and arguments in this case, the district court did not abuse its discretion when it determined that sanctions would advance that goal.

## III. RECUSAL

King's recusal motion was premised on the district judge's participation as an attorney in an unrelated case that was litigated several years prior. Although the district judge previously participated in unrelated litigation in which King was involved, the record contains no indication that he harbored any resulting bias or prejudice. Further, King failed to raise the issue of recusal until the morning of the sanctions hearing, despite the removal to Judge Royal's courtroom several months earlier. Even assuming King's motion should not be denied as untimely, a judge's service as an attorney in an unrelated matter several years earlier would not raise significant reasonable doubts about his impartiality, and the district judge did not abuse his discretion by denying King's motion to recuse. *See United States v. Siegelman*, 561 F.3d 1215, 1243 (11th Cir. 2009) (stating untimeliness of motion for recusal is basis on which to deny it); *United States v. Amedeo*, 487 F.3d 823, 828-29 (11th Cir. 2007) (reviewing district judge's decision not to recuse himself for abuse of discretion, and stating "[o]pinions held by judges as a result of what they learned in earlier proceedings do *not* constitute bias or prejudice").

**AFFIRMED.**