[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12932
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00371-JA-DAB

DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Trustee, in Trust for the Registered Holders of Argent Securities Inc.,
Asset-Backed Pass-Through Certificates, Series 2005-W4,

                                                            Plaintiff-Appellee,

versus

LLOYD A. STORY,
SARAH K. LOVEJOY-STORY,

                                                            Defendants-Appellants,

UNKNOWN TENANT #1,
et al.,

                                                            Defendants.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 7, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Lloyd A. Story and Sarah K. Lovejoy-Story, proceeding pro se, appeal from the district court's order imposing sanctions against them, pursuant to Fed. R. Civ. P. 11. After issuing an order to show cause why sanctions should not be imposed and holding a hearing on that order, the district court entered an order sanctioning the Storys for seeking to remove to federal court this mortgage foreclosure action originally filed in state court by Deutsche Bank National Trust Company ("Deutsche"). The court found that the Story's attempt to remove the case constituted abusive and vexatious litigation conduct that interfered with its ability to carry out its duties under Article III of the Constitution. The court explained:

> Between them, [the Storys] have removed fourteen foreclosure actions to the courts in the Middle District of Florida, all of which have been remanded. Of those fourteen, six were the same state court foreclosure action (that is, three state cases removed twice). In the eleventh case . . . , this Court found that not only had Ms. Lovejoy-Story and Mr. Story again improperly removed a state foreclosure action to this Court, but that both Ms. Lovejoy-Story and Mr. Story had previously been warned that their abusive removal practice might result in sanctions. Further, the Court found that i[t] was clear that neither Mr. Story or Ms. Lovejoy-Story intended to cease their abuse of the removal process. A review of the dockets in the Middle District of Florida show they still did not stop their abuse of the removal process after [they were warned], improperly removing three (3) more state foreclosure actions . . . .
>
> . . .

2

> This case is the second removal of the same state court foreclosure action. . . . Th[is] second removal [occurred] not only after this action had been previously remanded, but . . . after remands in eleven other state foreclosure actions filed by Mr. Story, Ms. Lovejoy-Story, or both . . . . Both Mr. Story and Ms. Lovejoy-Story knew when they filed the Notice of Removal in this case, that the exact cause of action and exact form of notice of removal had been rejected by this Court. The Court finds that there was no arguable basis for the second removal of the state case.

As a result, the district court ordered the Storys to pay Deutsche $1,264.24, the costs it incurred in connection with the attempted removal in this case. The court further issued an injunction preventing further court filings by the Storys from being received by the Clerk of Court without first being reviewed and screened for arguable merit by a magistrate judge.

The bulk of the Storys' brief on appeal asserts various civil rights violations by both the state and federal courts, and reiterates the propriety of their attempt to remove this case to federal court. However, those arguments are outside the scope of this appeal, for the only issue before us is whether the district court abused its discretion in sanctioning the Storys.[1] The Storys have failed to show any such

---

[1] "We review a district court's award of Rule 11 sanctions for abuse of discretion." Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001). "Under Rule 11, sanctions are properly assessed when: (1) a party filed a pleading that has no reasonable factual basis; (2) the party files a pleading based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) the party files a pleading in bad faith for an improper purpose." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 637 n.12 (11th Cir. 2010).

abuse of discretion.  Indeed, they do not contest the factual basis of the district court's sanctions order or the amount of the monetary sanction imposed.  Rather, they argue only that they lacked notice of Deutsche's Rule 11 motion before the sanctions hearing, but the record reflects that the court had repeatedly informed the Storys that it was considering imposing sanctions against them, and they were given ample opportunity (yet failed) to explain why sanctions should not have been imposed.  The Storys also appear to challenge the court's injunction, but the injunction was plainly necessary to "protect against [further] abusive and vexatious litigation" conduct, and it did not completely foreclose their access to the courts.  See Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993).  In sum, we have little difficulty concluding that, under these rather egregious circumstances, the district court acted well within its discretion by imposing the relatively mild sanctions it did.  Accordingly, we affirm.

**AFFIRMED.**