[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11983
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-00155-KD-N


EARATON ADAMS,
ROBERT ADAMS,
MYRON BARNES,
NELSON BUMPERS,
FREDERICK A. CARTER, SR., et al.,

Plaintiffs-Appellees,

versus

AUSTAL, U.S.A., L.L.C.,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(January 4, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

In this employment discrimination lawsuit, Defendant-Appellant Austal U.S.A., L.L.C. ("Austal"), an Australian shipbuilding company, appeals the district court's denial of its 22 motions for attorneys' fees and sanctions against the Plaintiffs-Appellees and their counsel.  Austal filed its motions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5, and 28 U.S.C. § 1927.  After review, we find no abuse of discretion on the part of the district court, and affirm the denial of Austal's motions.

## I.  BACKGROUND

This appeal arises out of a lawsuit filed by 23 African-American employees and former employees (collectively, "Plaintiffs") against the Defendant Austal. Plaintiffs alleged various claims against Austal under Title VII and 42 U.S.C. § 1981, including claims of racial discrimination, hostile work environment, retaliation, and disparate impact, and at one point Plaintiffs sought to proceed as a class and sought class certification.  Generally, Plaintiffs' claims concerned (1) Austal's hiring, promotion, and compensation procedures, (2) racially hostile working conditions, and (3) unequal terms and conditions of employment.  Some of the claims were voluntarily dismissed or abandoned by Plaintiffs.  Some claims were decided in Austal's favor at the summary judgment stage.  The remaining claims were decided by a jury in three separate trials, ending with verdicts in Austal's favor.

After the conclusion of the final trial, the district court entered judgment in Defendant Austal's favor as to all of the claims brought by all Plaintiffs. Thereafter, Austal filed 22 separate motions for attorneys' fees and sanctions against Plaintiffs and their counsel, arguing that each of Plaintiffs' claims was frivolous and that Plaintiffs' attorneys knowingly pursued these claims after learning of their frivolity.

In a single order, the district court denied all of Defendant Austal's motions for attorneys' fees and sanctions. Turning first to the issue of attorneys' fees, the district court determined that Plaintiffs' claims were not wholly groundless. Specifically, the district court, "with the benefit of almost four (4) weeks of trial testimony spanning three (3) trials . . . , hundreds of pages of briefing and thousands of pages of deposition testimony," found that Plaintiffs' class action and disparate impact claims were not frivolous. The district court noted that "there was substantial testimony and other evidence" that: (1) "African-Americans as a whole endured a significant amount of racial hostility from co-employees and supervisors, particularly in Austal's initial years in Mobile"; and (2) "Austal lacked structure in determining pay and promotions for all of its employees, and that this lack of structure most negatively affected the African-American employees." The district court observed that "the evidence presented at trial by Austal regarding its effort in recent years to address racial issues was Austal's strongest defense to the

3

charges." The district court concluded that "[t]he fact that these claims were not pursued after extensive discovery and investigation does not mean that they were initially groundless."

The district court also stated that, as to the Plaintiffs' claims dismissed at the summary judgment stage, it had reviewed the claims and each summary judgment order and determined that "the evidence that was found not to support the claims on summary judgment was not so inadequate as to support a finding of frivolousness." As to the claims that Plaintiffs elected not to pursue after the summary judgment phase, the district court determined that it had already found many of these claims to be non-frivolous when it denied summary judgment on them. Additionally, the district court determined that Austal failed to carry its burden of showing that any of the remaining claims were frivolous. The district court concluded by stating that "this case is simply not an appropriate case to award attorneys' fees . . . to Austal based on frivolity. While Austal was ultimately successful with regard to all of the [P]laintiffs' claims, it was not because Austal had an airtight defense with settled law and facts securely on its side."

Addressing the issue of sanctions, the district court stated that the evidence did not support an initial finding under § 1927 of unreasonable or vexatious conduct by Plaintiffs' counsel. As to Rule 11, the district court found that there was no basis to conclude that counsel filed any of the claims without substantial

4

justification or that the claims were objectively frivolous.  Accordingly, the district court denied all 22 of Austal's motions.

Austal now appeals the denial of its 22 motions for attorneys' fees and sanctions.

## II.  DISCUSSION

### A.    Austal's Motions for Attorneys' Fees

On appeal, Austal argues that the district court abused its discretion in denying its motions for attorneys' fees because all of Plaintiffs' claims were frivolous.  Austal asserts that Plaintiffs' voluntary dismissal of many of their claims is further evidence that the claims were frivolous.  Austal also contends that the district court made clearly erroneous findings of fact as to the disparate impact claims.  Additionally, Austal argues that the district court did not enter an order that allows for meaningful appellate review.[1]

Pursuant to 42 U.S.C. § 1988, the prevailing party in an action brought under § 1981 and other civil rights statutes "may" recover a reasonable attorney's fee.  42 U.S.C. § 1988(b).  Similarly, Title VII provides that the district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee."  Myers

---

[1]We review a district court's decision regarding an award of attorneys' fees for an abuse of discretion.  Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003) (42 U.S.C. § 1988); Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1491 (11th Cir. 1994) (42 U.S.C. § 2000e-5(k)). When reviewing for an abuse of discretion, we must affirm the district court unless it has made a clear error of judgment, or has applied the wrong legal standard.  Norelus v. Denny's, Inc., 628 F.3d 1270, 1280 (11th Cir. 2010).

v. Cent. Fla. Invs., Inc., 592 F.3d 1201,1225 (11th Cir. 2010) (quotation marks omitted); see 42 U.S.C. § 2000e-5(k).

For a defendant to obtain an award of attorneys' fees under § 1988 or § 2000e-5(k), the defendant must show that a plaintiff's claim "was frivolous, unreasonable, . . . groundless, or that the plaintiff continued to litigate after it clearly became so." Hughes v. Rowe, 449 U.S. 5, 15, 101 S. Ct. 173, 178-79 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694, 701 (1978) (internal quotation marks omitted). It is important that courts avoid concluding that an action was unreasonable or without foundation simply because the plaintiff did not ultimately prevail, and frivolity determinations must be made on a case-by-case basis. Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995). "Where plaintiffs introduced evidence sufficient to support their claim[s], findings of frivolity generally do not stand." Id. at 355-56.

In making a determination on frivolity, courts also should consider: (1) whether the plaintiffs established a prima facie case; (2) whether the defendants offered to settle; and (3) whether the claims were dismissed prior to trial or a trial was held on the merits. Id. Allegations that prove legally insufficient to require a trial are not per se groundless or without foundation. Hughes, 449 U.S. at 15-16, 101 S. Ct. at 179.

6

Given the totality of the circumstances and the evidence in the record, we cannot say that the district court abused its discretion in concluding that Plaintiffs' claims were not frivolous and denying Austal's motions for attorneys' fees.  Of the 23 Plaintiffs, 14 survived summary judgment with at least one claim remaining and proceeded to trial.  Further, Plaintiffs' allegations of racial discrimination related to their employment with Austal were not wholly groundless, even though some of those allegations were legally insufficient to require a trial.  See Hughes, 449 U.S. at 15-16, 101 S. Ct. at 179.  And Austal's arguments regarding the district court's factual findings and the sufficiency of the district court's order are not supported by the record.

B.    Austal's Motions for Sanctions

On appeal, Austal further argues that the district court abused its discretion in denying its motions for sanctions against Plaintiffs' counsel because all of the claims were based entirely on speculation, which counsel could have discovered with a reasonable investigation.  Austal also contends that Plaintiffs' counsel unreasonably and vexatiously multiplied the proceedings by pursuing the class action and disparate impact claims, and by filing multiple motions to extend the deadline to file an expert report.[2]

---

[2]We review the district court's ruling on a motion for sanctions for an abuse of discretion. Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (Federal Rule of Civil Procedure 11); Peterson v. BMI Refractories, 124 F.3d 1386, 1390 (11th Cir. 1997) (28 U.S.C. § 1927).

7

Section 1927 provides that an attorney who unreasonably and vexatiously multiplies the proceedings in any case may be required by the court to pay for excess costs incurred because of such conduct.  28 U.S.C. § 1927.  Thus, this Court has stated that an award of sanctions under § 1927 requires three elements: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the dollar amount of the sanction must not exceed the costs incurred by such conduct.  Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997).  An attorney "unreasonably and vexatiously" multiplies proceedings "only when the attorney's conduct is so egregious that it is tantamount to bad faith."  Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (internal quotation marks omitted).  The attorney must knowingly or recklessly pursue a frivolous claim or engage in litigation tactics that needlessly obstruct the litigation of a non-frivolous claim to warrant sanctions under § 1927.  Id. at 1242.

Rule 11 sanctions are properly assessed when a party files a pleading: (1) "that has no reasonable factual basis"; (2) "that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or (3) "in bad faith for an improper purpose." Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (internal quotation marks omitted).  A court conducts a two-step inquiry when evaluating a motion for

8

Rule 11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel should have been aware that they were frivolous. Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995). In deciding whether the claims are objectively frivolous, the court must "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (internal quotation marks omitted).

As discussed above, the totality of the evidence does not support a conclusion that any of Plaintiffs' claims were objectively frivolous. See Amlong, 500 F.3d at 1242; Kaplan, 331 F.3d at 1255. Further, there is no evidence that Plaintiffs' counsel pursued any of the claims in bad faith. See Amlong, 500 F.3d at 1239. Plaintiffs' delay in submitting the expert report that Austal complains about was due, in part, to Austal's failure to produce necessary evidence (pay data for Austal's employees, which Plaintiff's expert needed for purposes of statistical analysis). The district court ordered Austal to turn over the requested evidence and granted Plaintiffs extensions of the time in which to file the report. Because the record supports the district court's conclusion that Plaintiffs' claims were not frivolous, the district court did not commit a clear error in judgment in denying Austal's motions for sanctions.

9

Accordingly, we affirm the district court's denial of Austal's motions for attorneys' fees and sanctions.[3]

**AFFIRMED.**

---

[3]We emphasize that nothing contained in this opinion should be viewed as passing on the merits of Plaintiffs' separate appeals concerning their underlying claims against Austal.