[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12394
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-03906-SCJ


GEGE ODION,
individually, and
d.b.a. Siris Property Management, LLC,
d.b.a. Optiworld Vision Center,

Plaintiff-Appellant,

versus

GOOGLE INC.,
JAMES P. BLUM, JR.,
CYNTHIA D. WRIGHT,
NANCY H. BAUGHN,
SHARON SILVERMINTZ, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 5, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal is from the partial final judgment the District Court entered pursuant to Federal Rule of Civil Procedure 54(b)[1] dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), Greg Odion's claims alleged against twenty-two of the thirty defendants named in his *pro se* complaint.  In addition to these dismissals, Odion's appeal challenges various other rulings of the District Court as discussed below.

## I.

When its existence is questionable, we are required to inquire into our own subject-matter jurisdiction.  *Gilchrist v. State Farm Mut. Auto. Ins. Co.*, 390 F.3d 1327, 1330 (11th Cir. 2004).  Generally, an order that adjudicates fewer than all of the claims against all parties is not final and appealable unless the district court certifies it as final under Rule 54(b) of the Federal Rules of Civil Procedure. *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (per curiam).  Appellate jurisdiction over an appeal from a decision certified under Rule 54(b) is limited to the rulings or orders so certified by the district court.  *See Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1297 (11th Cir. 2001) ("Because

---

[1] The decision appealed is the District Court's order of May 8, 2014.  The District Court, in an order entered on October 31, 2014, certified the May 8 order as a partial final judgment pursuant to Rule 54(b).

no final judgment has been entered disposing of all the claims in this case, our appellate jurisdiction is confined to the issues made appealable under Rule 54(b).").

"The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (quotation marks, citation, and alteration omitted). In a civil case, a party has thirty days from the entry of the judgment or order appealed from to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Certification under Rule 54(b) "cures a premature notice of appeal from a non-final order dismissing claims or parties." *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of Univ. Sys. of Ga.*, 633 F.3d 1297, 1306 (11th Cir. 2011).[2] In addition, certain post-judgment motions toll the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A). To appeal a district court's order disposing of a post-judgment motion that tolls the thirty-day deadline, however, a party must file a separate notice of appeal or amend its original notice in accordance with the Federal Rules of Appellate Procedure. *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013); *see also* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment

---

[2] A subsequent certification occurred in this case. *See supra* note 1. Odion filed a notice of appeal with respect to the District Court's order of May 8, 2014, on May 27, 2014. Odion's notice was premature but cured when the court entered its subsequent order on October 31, 2014.

upon such a motion, must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.").

We lack jurisdiction to consider Odion's challenges to the District Court's treatment of his post-judgment motions for reconsideration, amendment, and disqualification of the district-court judge because his initial notice of appeal encompassed only the order certified for appeal under Rule 54(b), and his amended notice of appeal was untimely to appeal the issues it designated. *See* Fed. R. App. P. 4(a)(4)(A), (a)(4)(B)(ii); *Bd. of Regents of Univ. Sys. of Ga.*, 633 F.3d at 1306; *Weatherly*, 728 F.3d at 1271.

## II.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), accepting the facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) permits a party to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," cannot withstand a motion to dismiss. *Id.*

In making a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy the heightened pleading standard of Rule 9(b), a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (quotation marks omitted).

5

We liberally construe *pro se* pleadings and hold such pleadings to "a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

We review for abuse of discretion the District Court's refusal to grant leave to amend, and review *de novo* the underlying legal conclusion that amendment would be futile.  *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).  The district court should freely grant leave to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that a district court is not required to sua sponte grant a counseled plaintiff leave to amend when plaintiff never filed a motion to amend or requested leave to amend before the district court, but declining to address

6

whether the rule should apply to *pro se* litigants).  The district court need not allow amendment "where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

The District Court did not err in dismissing Odion's complaint as to twenty-two of the thirty defendants because the complaint contained only conclusory allegations of a conspiracy to commit fraud and a subsequent cover up of that fraud by thirty defendants, many of whom were unrelated to each other and to Odion. *See Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949; *Garfield*, 466 F.3d at 1262. Moreover, the court did not err by failing to *sua sponte* order Odion to replead his complaint because Odion's subsequent filings demonstrated that amendment would be futile.  *See Bryant*, 252 F.3d at 1163.

III.

We review *de novo* whether a district court was required to convert a motion to dismiss into a motion for summary judgment.  *See SFM Holdings*, 600 F.3d at 1336–37.  If, on a Rule 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002).  A district court may, however, take judicial notice of public records.

*See* Fed. R. Evid. 201(b); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (noting that a district court may take judicial notice of public records at the dismissal stage).  In addition, a district court ruling on a motion to dismiss may also "consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings*, 600 F.3d at 1337.  "When a party proves through its actions that it has notice of the conversion, any failure to notify the party is rightly deemed harmless." *Trustmark Ins. Co.*, 299 F.3d at 1268; *cf. Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (per curiam) (treating the defendants' motions to dismiss as motions for summary judgment because the plaintiff provided materials called for on summary judgment, showing that the parties had been given a full and fair opportunity to present evidence supporting their arguments).

The District Court did not err in failing to convert the motions to dismiss into motions for summary judgment based on the defendants' attachment of state-court records because the court did not rely on those records, the court could have taken judicial notice of those records, Odion did not challenge the authenticity of the records, and any error was harmless.  *See* Fed. R. Evid. 201(b); *Avado Brands, Inc.*, 187 F.3d at 1280; *SFM Holdings*, 600 F.3d at 1337; *Trustmark Ins. Co.*, 299 F.3d at 1268.

IV.

We review for abuse of discretion the argument that the District Court mismanaged its docket and that the mismanagement prejudiced Odion's case. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997). An abuse of discretion can include the failure to consider and rule on significant pretrial motions before issuing dispositive orders. *Id*. at 1367. When the court's mismanagement of a case materially prejudices a litigant's rights, the district court has abused its discretion, and we must redress that abuse. *Id*. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Id.* (footnote omitted).

The District Court did not abuse its discretion by ruling on the defendants' motions to dismiss before ruling on Odion's motion for partial summary judgment because the motions to dismiss challenged the legal sufficiency of the complaint and therefore had to be resolved before commencing discovery. *See id*.

V.

We review for abuse of discretion a district court's ruling on a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. *See Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (per curiam). Rule 11 sanctions are properly assessed when a party files a pleading that has no reasonable factual basis,

9

that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or that stems from bad faith or an improper purpose. *Id.* Bad faith is an objective standard that is met if the party's conduct was objectively reckless or outside of the bounds of acceptable conduct. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. 2007) (addressing sanctions pursuant to 28 U.S.C. § 1927).

The District Court did not abuse its discretion in denying Odion's two motions for sanctions against one group of defendants because those defendants did not base their motion to dismiss on an unreasonable factual basis and they did not act in bad faith. *See Massengale*, 267 F.3d at 1301; *Amlong & Amlong*, 500 F.3d at 1241.

AFFIRMED.