[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13404

Non-Argument Calendar

_____

SCOTT MEIDE,

                                                    Plaintiff-Appellant,

*versus*

PULSE EVOLUTION CORPORATION,
JOHN TEXTOR,
GREGORY CENTINEO,
JULIE NATALE,
DANA TEJEDA, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cv-01037-MMH-MCR

_____

Before LAGOA, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Scott Meide, proceeding pro se, appeals the district court's orders imposing sanctions under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(c)(1). The sanctions were attorneys' fees in different amounts in favor of three separate groups of defendants. On appeal, Meide contends that the district court abused its discretion in awarding attorneys' fees as sanctions and in calculating the amount of fees as sanctions. After careful review, we affirm.

## I.    FACTUAL BACKGROUND

### A.    Initial Complaint, Dismissal, and Amended Complaint

On August 27, 2018, plaintiff Meide, proceeding pro se, sued these 12 defendants: (1) Laura Anthony and Michael Pollaccia a/k/a Michael Anthony ("Anthonys"); (2) Gregory Centineo, Agnes King, John King, and Julie Natale ("Centineo Defendants"); (3) Jordan Fiksenbaum, Frank Patterson, John Textor, Evolution AI Corporation, and Pulse Evolution Corporation ("Pulse Defendants"); and (4) Dana Tejeda. Meide's 36-page complaint alleged seven counts, including a federal securities fraud claim against all the defendants.

All the defendants moved to dismiss. As relevant here, the Centineo and Pulse Defendants asserted that (1) Meide purchased securities from the defendants in his capacity as a representative of the Jacksonville Injury Center ("JIC"), (2) JIC owns the securities, and (3) therefore, Meide lacked standing to assert his claims. The Pulse Defendants submitted three security agreements showing that the company JIC purchased shares of Evolution AI Corporation and Pulse Evolution Corporation.

On July 24, 2019, the district court held a hearing on the motions to dismiss. The district court determined that (1) Meide's complaint was a shotgun pleading because it contained conclusory, vague, and immaterial facts, and (2) Meide's securities fraud claim lacked the particularity required by Federal Rule of Civil Procedure 9(b) and the PSLRA's heightened pleading standards. The district court also noted that, if JIC was the proper plaintiff, Meide needed to obtain counsel because JIC was a corporate entity that "must be represented by legal counsel."

In a separate written order, the district court stayed discovery and dismissed the complaint but granted Meide leave to amend his complaint. The district court warned Meide that, under 15 U.S.C. § 78u-4(c)(1), it was required to impose sanctions if he did not correct the deficiencies in his complaint.

On September 24, 2019, Meide filed a 31-page amended complaint against the same defendants except for Michael Anthony.

On October 4, 2019, the district court sua sponte struck the amended complaint because Meide (1) did not "utilize numbered paragraphs, each limited as far as practicable to a single set of circumstances," and (2) failed to specify which facts supported each claim. (Quotation marks omitted). The district court warned Meide that he had "<u>one final opportunity</u> to properly state his claims."

On October 22, 2019, Meide filed a motion to recuse the district court judge, which the district court denied on November 18, 2019.

## B.    Second Amended Complaint and Motions for Leave to Amend and to Substitute

On November 1, 2019, Meide filed his 37-page second amended complaint against all the defendants except Michael Anthony. Meide's second amended complaint alleged six counts against the defendants: (1) a federal securities fraud claim ("Count I"), and (2) state law claims for breach of good faith and fair dealing, breach of fiduciary duty, fraud, civil conspiracy, and "Right of Rescission" ("Counts II-VI").

In response, the remaining defendants except Tejada moved to dismiss, asserting that Meide's complaint failed to comply with the pleading requirements of Rule 9(b) and the PSLRA. Meide responded to these motions but did not identify any allegations in his complaint that satisfied these requirements.

On June 11, 2020, William McLean entered a notice of appearance as Meide's counsel. On June 29, 2020, Meide, through

counsel, filed (1) a motion to substitute JIC as the proper plaintiff and real party in interest, (2) a motion for leave to amend his complaint, and (3) a copy of his 39-page proposed third amended complaint.

## C.  Dismissal of Second Amended Complaint

On September 4, 2020, the district court dismissed Meide's second amended complaint, finding that he still failed to plead his Count I securities fraud claim with particularity, as required by the PSLRA.  Thus, the district court (1) dismissed Meide's Count I securities fraud claim with prejudice and (2) dismissed his state law claims in Counts II-VI without prejudice so that Meide could refile these claims in state court.

Next, the district court denied Meide's counseled motion for leave to amend because (1) the motion to amend did not comply with the district court's local rules, (2) Meide's proposed third amended complaint was a shotgun pleading, and (3) Meide failed to show good cause for his delay in requesting leave to amend.  The district court denied as moot Meide's motion to substitute because (1) the motion was untimely, and (2) even if JIC was substituted as the plaintiff, Meide's complaint still failed to properly state a claim for securities fraud.

On September 8, 2020, the district court entered judgment against plaintiff Meide but reserved jurisdiction to determine whether sanctions were appropriate.  Meide did not file a notice of appeal at this time.

The district court referred the parties to mediation, presumably to give them an opportunity to resolve the case before Meide refiled his state law claims in state court and before the parties submitted further briefing on sanctions.

### D.    Sanctions

On December 10, 2020, the parties attended mediation but reached an impasse.

Following mediation, all of the defendants except Tejada moved for sanctions against Meide.  The Anthonys also moved for sanctions against McLean, Meide's counsel, for filing the June 2020 motions for leave to amend and to substitute.

On September 29, 2021, the district court granted the Anthonys' motion for sanctions against Meide and McLean.  The district court determined that Meide's claims against the Anthonys were frivolous because (1) Meide's initial complaint did not "set forth <u>any</u> relevant factual allegations regarding these two [d]efendants," and (2) Meide failed to correct the deficiencies in his complaint, even after the district court explained the pleading requirements for securities fraud claims at the July 24, 2019 hearing.  The district court also determined that (1) Meide named the Anthonys as defendants "for the improper purpose of harassment," and (2) McLean failed to conduct a reasonable investigation before filing the June 2020 motions for leave to amend and to substitute.

In the same order, the district court granted in part the motions for sanctions filed by the Centineo and Pulse Defendants.

The district court determined that (1) Meide reasonably could have believed the claims in his initial complaint were not frivolous, but (2) Meide's amended securities fraud claims against those individual defendants were frivolous and were brought "for the improper purpose of harass[ment]." The district court observed that (1) Meide continued to assert securities fraud claims in his own name without explaining why JIC was not the proper plaintiff, and (2) he made no attempt in his responses to the defendants' motions to dismiss to identify which allegations in his second amended complaint satisfied the pleading standards for securities fraud claims. The district court also noted that the PSLRA contained a mandatory sanctions provision, and it directed the parties to file supplemental motions regarding the appropriate amount of sanctions.

The Anthonys, Centineo Defendants, and Pulse Defendants filed supplemental motions for attorneys' fees. In their motion, the Centineo Defendants argued that Meide could not rebut the PSLRA's presumption in favor of awarding attorneys' fees as sanctions because (1) the burden of paying attorneys' fees was not unreasonable, and (2) Meide's violations of Federal Rule of Civil Procedure 11(b) were not de minimis.

Meide responded to the supplemental motions, but he did not argue that the proposed sanctions would pose an unreasonable burden or that his violations of Rule 11 were de minimis. Instead, Meide argued that some of the attorneys' fees requested by the

defendants did not have a direct causal link to his sanctionable conduct.

On August 23, 2022, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the defendants be awarded attorneys' fees as sanctions. As to the Anthonys, the magistrate judge determined that these defendants were entitled to attorneys' fees for the entire action.[1] As to the Pulse and Centineo Defendants, the magistrate judge determined that they were entitled to attorneys' fees for work completed after the filing of the first amended complaint because (1) Meide's Rule 11 violations were "substantial," (2) Meide failed to rebut the PSLRA's presumption in favor of awarding attorneys' fees as sanctions, and (3) the requested attorneys' fees were reasonable.

The magistrate judge warned that if a party did not object to the R&R within fourteen days, that party would waive the right to challenge on appeal any unobjected-to factual and legal conclusions. Meide did not file any objections to the R&R.

---

[1] The magistrate judge recommended that the Anthonys' motion for sanctions be denied in two respects: (1) the hourly rate for one of the Anthonys' attorneys was excessive and should be lowered from $700 to $500; and (2) $1,098.58 in costs should be disallowed because the Anthonys "d[id] not state the legal basis for the costs."

On September 14, 2022, the district court adopted the R&R and granted the defendants' motions for sanctions.[2] On September 15, 2022, the district court entered these four judgments for attorneys' fees: (1) a $12,620.00 judgment in favor of the Anthonys against Meide; (2) a $11,019.50 judgment in favor of the Anthonys against Meide and attorney McLean, jointly and severally; (3) a $43,215.00 judgment in favor of the Centineo Defendants against Meide; and (4) a $68,387.00 judgment in favor of the Pulse Defendants against Meide.

This appeal followed.

## II.    DISCUSSION

### A.    October 11, 2022 Notice of Appeal

Meide filed his notice of appeal on October 11, 2022. His appeal is not timely as to the district court's July 24, 2019 order staying discovery, its November 22, 2019 denial of his motion to recuse, or its September 4, 2020 dismissal of his complaint. *See* Fed. R. App. P. 4(a)(1)(A) (providing that an appellant in a civil case must file a notice of appeal within 30 days after the entry of judgment). Thus, to the extent Meide challenges these orders on appeal, we lack jurisdiction to review them. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300–02 (11th Cir. 2010) (observing that, in civil cases,

---

[2] The district court made a minor modification to the R&R, finding that $12.50 in paralegal fees should be assessed against Meide and McLean jointly and severally, not Meide individually.

the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction).

Generally, a sanction order is not final unless the award of attorneys' fees is reduced to a specific sum. *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 n.1 (11th Cir. 2000). Therefore, Meide's October 11, 2022 notice of appeal is timely as to (1) the district court's September 29, 2021 order awarding sanctions, (2) its September 14, 2022 order reducing the award of attorneys' fees to specific sums, and (3) its September 15, 2022 judgments awarding those specific attorneys' fees as sanctions. *See id.*; Fed. R. App. P. 4(a)(1)(A). We address each order in turn.

## B.    September 29, 2021 Sanctions Order

As to the September 29, 2021 order, Meide's brief on appeal merely asserts that no sanctions were warranted and that his claims against the Anthonys were not frivolous. Meide's brief, however, does not contain any supporting arguments explaining why sanctions were inappropriate or why his claims were not frivolous. Therefore, Meide has abandoned this issue on appeal. *See Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

This leaves the September 14, 2022 order and September 15, 2022 judgments that reduced the September 29, 2021 sanctions order to specific sums of attorneys' fees. We first set forth the standards of review and general legal principles and then explain why the sanctions award was appropriate here.

## C.    Standards of Review

We review a district court's award of Rule 11 sanctions for abuse of discretion. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). A district court's award of sanctions under the PSLRA is reviewed under the same standard. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 636 (11th Cir. 2010). We also review the amount of sanctions awarded by the district court for abuse of discretion. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1195–97 (11th Cir. 2002).

Further, under our Rule 3-1, a plaintiff who fails to object to a factual or legal conclusion in a magistrate judge's R&R after being informed of the time period for objections and the consequences of not objecting waives his right to challenge the unobjected-to determination on appeal. 11th Cir. R. 3-1. In the absence of a proper objection, however, this Court may review an issue in a civil appeal "for plain error if necessary in the interests of justice." *Id.*

Once this Court determines that reviewing an unobjected-to error in a R&R is necessary in the interests of justice, then it applies the heightened civil plain-error standard. *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022). Under the civil plain error

standard, this Court "will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Id.* (quotation marks omitted).

### D.    PSLRA Sanctions

The PSLRA "mandate[s] [the] imposition of sanctions for frivolous litigation." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81, 126 S. Ct. 1503, 1511 (2006). The PSLRA requires the district court to make findings as to each party and attorney's compliance with Rule 11(b). 15 U.S.C. § 78u-4(c)(1). If a court finds that a party or attorney has violated any requirement of Rule 11(b), then the court shall impose sanctions in accordance with Rule 11. *Id.* § 78u-4(c)(3).

In turn, Rule 11(b) requires an attorney or pro se party presenting a pleading to certify:

(1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have

> evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)–(3). This Court has instructed that Rule 11 sanctions are properly assessed when a party files a pleading that (1) "has no reasonable factual basis," (2) "is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law," or (3) is made "in bad faith for an improper purpose." *Massengale*, 267 F.3d at 1301 (quotation marks omitted).

If a complaint substantially fails to comply with Rule 11(b), the presumptive sanction is attorneys' fees and expenses. 15 U.S.C. § 78u-4(c)(3)(A)(i), (ii). This presumption may be rebutted, but only upon proof by the party against whom sanctions are to be imposed that (i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed, or (ii) the violation of Rule 11(b) was de minimis. *Id.* § 78u-4(c)(3)(B)(i), (ii).

Even if a party rebuts the presumption of attorneys' fees, the court is still required to award sanctions that it deems appropriate under Rule 11. *Id.* § 78u-4(c)(3)(C).

### E.    Analysis

As an initial matter, Meide in his pro se brief does not argue that the district court erred in imposing sanctions on McLean, Meide's former counsel. Attorney McLean has not filed his own

brief. Therefore, the only issue on appeal is whether the district court abused its discretion in calculating the amount of attorneys' fees as sanctions *against Meide*.

Here, at the time of the R&R, Meide was represented by counsel. Although the R&R sufficiently informed Meide and his counsel of the time period for objecting and the consequences for failing to object, Meide and his counsel did not challenge the magistrate judge's recommendation that the defendants be awarded sanctions under Rule 11 and the PSLRA. Accordingly, we may review Meide's argument—that the district court abused its discretion in calculating the amount of sanctions—for plain error only. *See* 11th Cir. R. 3-1.

Further, Meide does not raise any supporting arguments explaining why the district court erred in awarding attorneys' fees (or even identify which of the four judgments he is challenging on appeal). He thus has abandoned any claim related to the district court's September 14, 2022 order and September 15, 2022 judgments awarding attorneys' fees as sanctions. *See Roy*, 53 F.4th at 1351 (explaining that a pro se appellant forfeits an issue when he fails to present a substantive argument on appeal).

In any event, there was no abuse of discretion here. First, a review of the record supports the district court's finding that Meide's Rule 11(b) violations were substantial. Among other things, Meide (1) failed to assert any relevant allegations against the Anthonys in his initial complaint, (2) failed to correct the deficiencies in his complaint, even after the district court explained

the heightened pleading requirements of Rule 9(b) and the PSLRA to Meide at the July 24, 2019 hearing, and (3) continued to assert securities fraud claims in his own name without explaining why JIC was not the proper plaintiff. These Rule 11(b) violations were substantial and triggered the PSLRA's presumption in favor of awarding attorneys' fees as sanctions. *See* 15 U.S.C. § 78u-4(c)(3)(A)(i), (ii).

Second, Meide did not meet his burden to rebut the PSLRA's presumptive award of attorneys' fees. Indeed, Meide did not offer any argument in the district court or in this Court that the burden of these sanctions was unreasonable or that his Rule 11(b) violations were de minimis. *See id.* § 78u-4(c)(3)(B)(i), (ii). Meide also does not contend on appeal that the amount of attorneys' fees awarded to the defendants was unreasonable. Under these circumstances, we conclude that the district court did not abuse its discretion in awarding reasonable attorneys' fees as sanctions.

## III.    CONCLUSION

For all these reasons, we **AFFIRM** the district court's sanctions award against Meide. We **DISMISS** his appeal to the extent that he challenges the final judgment dismissing his second amended complaint.

**AFFIRMED IN PART AND DISMISSED IN PART**.