[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 14-11395, 14-11755
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cv-00418-GKS-GJK


DANIELLE TACORONTE,

Plaintiff - Appellant,

versus

MARC B. COHEN,
Individually,
GREENSPOON MARDER, P.A.,

Defendants - Appellees,

GREESPOON MARDER & ASSOCIATES, INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 20, 2015)

Before TJOFLAT, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

These consolidated appeals are from orders the District Court entered in a lawsuit Danielle Tacoronte brought against multiple defendants, including Marc B. Cohen and the law firm Greenspoon Marder, P.A. ("GM") after Cohen and GM, as counsel for Wells Fargo Bank, N.A. obtained a $129,000 judgment against Tacoronte in the Circuit Court of Osceola County, Florida. The salient facts are these.

In July 2009, Wells Fargo sued Tacoronte in the Osceola County Circuit Court to recover the $129,000 balance due on a defaulted loan. On January 26, 2012, in preparation for a mediation to be held in the case, Cohen, a GM shareholder representing Wells Fargo, obtained a copy of Tacoronte's consumer report maintained by Equifax Information Services, LLC. Equifax's subscriber account showed Cohen as a member of his former law firm, Cohen, Conway, Copeland & Parvis, P.A. ("CCCP"), notwithstanding Cohen's previous notice to Equifax of his GM address; therefore, the consumer report indicated that Cohen's credit inquiry was made by CCCP. On March 29, 2012, the Circuit Court entered judgment for Wells Fargo against Tacoronte in the sum of $129,000.[1]

On March 15, 2013, Tacorante brought the instant action. In an amended complaint, she asserted three claims against Cohen and GM: Count I, a claim under

---

[1] Tacorante appealed the judgment. It became final when the Fifth District Court of Appeal dismissed it. The Circuit Court thereafter denied Tacorante's motion for relief from the judgment.

2

the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.; Count II, a claim under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72; and Count III, a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. All three counts were predicated on the two allegations appearing in the complaint Tacoronte filed against Wells Fargo in the Oceola County Circuit Court, to wit: Cohen and GM violated each statute because: 1) Cohen failed to file a formal Notice of Appearance as Wells Fargo's counsel in the case; and 2) Cohen, using the account of his former law firm, CCCP, obtained Tacoronte's Equifax credit report without her consent or a permissible purpose.

On January 14, 2014, Cohen and GM moved the District Court for summary judgment on all three counts of Tacoronte's amended complaint. Doc. 70. Tacoronte responded to their motion by filing a motion to dismiss voluntarily Counts I and II of her amended complaint. Doc. 82. In an order dated March 4, 2014, the court granted her motion, dismissing Counts I and II with prejudice.[2] Doc. 86. As a condition of the dismissal, pursuant to Federal Rule of Civil Procedure 41(a), the court ordered Tacoronte to pay Cohen and GM the attorney's fees and costs incurred in defending those counts. *Id.* The court subsequently denied her motion to withdraw her motion to dismiss Counts I and II. Doc. 102.

---

[2] This order is before us in Appeal No. 14-11395.

3

On April 1, 2014, the District Court entered an order denying Tacoronte's motion for summary judgment on Count III, Doc. 111, and on April 14, 2014, it entered an order granting Cohen and GM summary judgment on that count, Doc. 120. Then, in an order entered on May 9, 2014, the court granted defendants' motion for sanctions under Federal Rule of Civil Procedure 11 and awarded defendants the reasonable attorney's fees and costs they "incurred in defending this case since the date Tacoronte filed her [amended complaint]. Doc. 128.[3]

Tacoronte challenges the above orders in these consolidated appeals. In each order, the District Court painstakingly set out the rationale for its decision. Nothing in Tacoronte's brief persuades us that the court erred in any respect. Tacoronte's claims were frivolous,[4] as the court explained in its May 9, 2014, order granting defendants' motion for Rule 11 sanctions. And the court acted well within its Rule 41(a) discretion in conditioning Tacoronte's voluntary dismissal of Counts I and II on the payment of attorney's fees and costs.

AFFIRMED.

---

[3] The April 1 and 14 and May 9, 2014 orders are before us in Appeal No. 14-11755.

[4] Tacoronte abandoned Counts I and II in voluntarily dismissing them with prejudice, and as the court found in granting summary judgment on Count III, that count was meritless.

4