[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15334
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00418-GKS-GJK

DANIELLE TACORONTE,

Plaintiff–Appellant/
Cross-Appellee,

versus

MARC B. COHEN,
individually,
GREENSPOON MARDER, P.A.,

Defendants–Appellees/
Cross-Appellants,

GREENSPOON MARDER & ASSOCIATES, INC., et al.,

Defendants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 23, 2016)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

The district court imposed Rule 11 sanctions against Plaintiff Danielle Tacoronte and ordered her to pay reasonable attorney's fees and costs to Defendants Greenspoon Marder and Marc Cohen.  Plaintiff appeals the district court's order imposing Rule 11 sanctions against her.  Defendants concede that Plaintiff's debt to them was discharged in her Chapter 7 bankruptcy proceeding.  However, Defendants cross-appeal, arguing that the district court should have levied the sanctions against Plaintiff's attorney as the person primarily responsible for the underlying Rule 11 violations.  We hold that the district court abused its discretion in imposing sanctions against Plaintiff on the ground that Plaintiff's arguments were not warranted based on existing law or a nonfrivolous extension of existing law.  Accordingly, we vacate the district court's Rule 11 orders and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

Plaintiff obtained a $130,000 line of credit from Wells Fargo Bank.  She eventually defaulted on a balance of approximately $129,000.  Wells Fargo sued Plaintiff in Florida state court to recover her unpaid balance.  Defendant Greenspoon Marder represented Wells Fargo in the litigation against Plaintiff.

Defendant Marc Cohen, a shareholder of Greenspoon Marder, took the lead.  The Florida state court entered judgment against Plaintiff in the amount of $129,000.

Plaintiff then sued Defendants in federal district court.[1]  Plaintiff's amended complaint contained three counts.  Count I asserted violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  Count II asserted violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55–.785.  And Count III asserted violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Each claim centered on two aspects of the state court litigation.  First, Defendant Cohen had failed to file a notice of appearance until almost a year after he was retained by Wells Fargo.  Second, Defendant Cohen had pulled Plaintiff's consumer report from Equifax, and because Equifax had failed to update its records, an inquiry was placed on Plaintiff's report in the name of Cohen's previous employer.

Defendants moved for summary judgment on January 14, 2014.  Plaintiff moved for summary judgment on January 31, 2014—more than two weeks after the deadline for filing dispositive motions.  That same day, Plaintiff sought leave to file a second amended complaint in which she would abandon Counts I and II. The district court denied Plaintiff's motion to amend.  Plaintiff then moved to

---

[1]  Plaintiff's original complaint also asserted claims against Jodi Cohen, who had previously represented Wells Fargo in the state litigation, and Wells Fargo. The district court dismissed Plaintiff's claims against Jodi Cohen, and Plaintiff's amended complaint dropped the claims against Wells Fargo.

3

voluntarily dismiss Counts I and II of her amended complaint.  The district court granted Plaintiff's motion but conditioned dismissal on Plaintiff paying Defendants' attorney's fees incurred in defending the claims in Counts I and II.  After the district court issued its order, Plaintiff sought to withdraw her motion to voluntarily dismiss Counts I and II, which the district court denied.

On April 1, 2014, the district court denied Plaintiff's motion for summary judgment on Count III, the only remaining Count.  The district court granted Defendants' summary judgment motion on Count III and entered final judgment.

Defendants subsequently moved for Rule 11 sanctions.  The district court granted Defendants' motion, ordered Plaintiff to pay the reasonable attorney's fees and costs that Defendants had incurred since the date Plaintiff filed her amended complaint, and directed Defendants to "renew their motion for attorney's fees and costs and provide an accounting of the costs, fees, and expenses sought." Defendants filed a renewed motion for attorney's fees and costs with a memorandum detailing the hours and billing rates for each person who had worked on the case.  Defendants sought $198,787.81 in attorney's fees and $1,301.96 in costs.  The district court referred the initial determination of the proper amount of fees and costs to a magistrate judge.  The magistrate judge issued a report and recommendation ("R&R"), which recommended that the district court award Defendants the full amount of costs sought but only $117,552.13 in fees, reflecting

4

a reduced hourly rate and a reduced number of hours.  Plaintiff objected to the

R&R; Defendants did not.  The district court adopted the R&R, awarding

Defendants a total of $118,854.09 in fees and costs.

On November 25, 2014, Plaintiff appealed the district court's sanctions

orders.[2]  Defendants cross-appealed on December 5, 2014.  Plaintiff then filed for

Chapter 7 bankruptcy, which triggered an automatic stay effective March 2, 2015.

Plaintiff named Defendants as creditors, and the bankruptcy court discharged

Plaintiff's debt to Defendants.

## II.    DISCUSSION

Plaintiff's initial brief advances two arguments.  First, Plaintiff asserts that

her appeal is moot in light of the bankruptcy discharge.  Second, Plaintiff contends

that the district court's order awarding fees and costs is "void *ab initio*" in light of

the bankruptcy discharge and, accordingly, Defendants' cross-appeal is improper.

Defendants readily acknowledge that the award of attorney's fees and costs was

discharged as to Plaintiff.  However, Defendants argue that Plaintiff's bankruptcy

---

[2]  Plaintiff had previously appealed the following district court orders to this Court:  (1) the order granting Plaintiff's motion to voluntarily dismiss two of her counts, which conditioned dismissal on payment of attorney's fees and costs incurred in defending those counts; (2) the order denying Plaintiff's subsequent motion to withdraw her motion to dismiss those two counts; (3) the order granting summary judgment in favor of Defendants; and (4) the order directing Plaintiff to pay Defendants' reasonable fees and costs.  We consolidated the appeals of the first three orders and dismissed the appeal of the fourth order because the amount of fees had not yet been set.  *See Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 n.1 (11th Cir. 2000) ("Because the magistrate judge has not yet reduced the sanctions order to a specific sum, the order it not final and the court lacks jurisdiction over Miller's appeal.").  As to the first three orders, we affirmed the district court's rulings *in toto*.  *See Tacoronte v. Cohen*, 594 Fed. App'x 605 (11th Cir. 2015).

did not altogether void the district court's judgment imposing sanctions.  In their cross-appeal, Defendants argue that "[t]he Rule 11 violations found by the district court involve elementary errors in understanding and applying legal principles, or ascertaining the existence of facts that would meet applicable legal standards." Defendants contend that these errors are "uniquely faults of the lawyer, not the represented party," and accordingly, that the district court abused its discretion in imposing sanctions against Plaintiff rather than her attorney.  Notably, neither party disputes that sanctions were warranted, and neither party takes issue with the amount of fees and costs awarded.

We reject Plaintiff's argument that the bankruptcy court's order discharging Plaintiff's debt to Defendants rendered the district court's orders awarding Defendants attorney's fees and costs void *ab initio*, thereby dooming Defendants' cross-appeal.  Plaintiff's only authority for this novel proposition is an unpublished opinion from the District Court for the District of Connecticut.  *See In re Heating Oil Partners*, No. 3:08-cv-1976, 2009 WL 5110838 (D. Conn. Dec. 17, 2009).  As relevant here, that opinion held, unremarkably, that a district court order entered in violation of an automatic stay is void *ab initio*.  *Id.* at *8 ("In the Second Circuit, as a general rule, any action taken in violation of the automatic stay is void *ab initio* and thus without effect.").  Here, the district court's order awarding Defendants attorney's fees and costs *pre-dated* Plaintiff's bankruptcy suit.  Therefore, the order

was not entered in violation of an automatic stay, and the order is not void *ab initio*. Thus, Defendants' cross-appeal is properly before us. We "apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). "A district court abuses its discretion when it misapplies the law in reaching its decision or bases its decision on findings of fact that are clearly erroneous." *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006).

In general, Rule 11 is violated, and sanctions are warranted, when a party files a pleading, motion, or paper that (1) is filed in bad faith or for an improper purpose (*see* Rule 11(b)(1)); (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law (*see* Rule 11(b)(2)); or (3) has no reasonable factual basis (*see* Rule 11(b)(3)).[3] *See also Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). An *attorney* may be sanctioned when a pleading suffers any of these defects. However, district courts are forbidden from imposing monetary sanctions on a *party* for a violation of Rule 11(b)(2), i.e., when a pleading advances a legal theory that is unwarranted under existing law or a nonfrivolous extension of existing law. *See* Fed. R. Civ. P. 11(c)(5)(A) ("The court must not impose a monetary sanction

---

[3] Additionally, under Rule 11(b)(4), an attorney or party may be sanctioned when denials of factual contentions are unwarranted based on the evidence. But that provision is not relevant to this appeal.

7

. . . against a represented party for violating Rule 11(b)(2)."); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1118 (11th Cir. 2001) ("Rule 11 does not permit sanctioning a client, however, when the basis for the sanction is that the pleading was legally frivolous."), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

Defendants' motion for Rule 11 sanctions was based on Plaintiff's amended complaint, which contained three Counts. Count I asserted claims under the FDCPA; Count II asserted claims under the FCCPA; and Count III asserted claims under the FCRA. The district court concluded that each Count violated Rule 11 and therefore ordered Plaintiff to pay Defendants' attorney's fees incurred in defending Counts I, II, and III. As catalogued below, the district court found that sanctions were warranted based on violations of subsections (1), (2), and (3) of Rule 11(b).

With respect to Plaintiff's five FDCPA claims asserted in Count I, the district court first noted that the statute of limitations had likely run as to each claim. On the merits, the district court found that sanctions were warranted as to Count I because:

- "[Plaintiff's] claims under § 1692e(2) and § 1692f(1) contained in Count I of her First Amended Complaint were brought without evidentiary support and without any reasonable expectation that the discovery

process would produce any evidentiary support for these claims." **(Rule 11(b)(3))**

- "[Plaintiff] fail[ed] to provide a single citation to any primary legal authority that supports her legal theory . . . .  Nor does [Plaintiff] present this theory as a good faith argument for extending existing law, modifying existing law, or establishing new law." **(Rule 11(b)(2))**

- "[Plaintiff] repeatedly quoted [15 U.S.C.] § 1681b in her filings with this Court, each time curiously neglecting to reproduce the phrase 'review or collection of an account of[] the consumer . . . .'  A plain reading of § 1681b(a)(3)(A) reveals that Defendants had permissible purpose in obtaining [Plaintiff's] Equifax consumer report for the purpose of reviewing or collecting upon the account [Plaintiff] had with Wells Fargo." **(Rule 11(b)(2))**

- "[Plaintiff's] attempts to ignore and hide relevant, controlling authority are sanctionable in themselves." **(Rule 11(b)(2))**

- "Most importantly, though, no provision of the FDCPA imposes liability on a user of a consumer report (such as Defendants) for a consumer reporting agency's misstatement on a consumer report that the agency furnishes to the consumer.  Unsurprisingly, [Plaintiff] fails to identify any primary legal authority that would support such liability.  Nor does she

9

present any argument for modifying or extending existing law." **(Rule 11(b)(2))**

Regarding Count II, the district court concluded that Plaintiff's FCCPA claims "lacked arguable merit" and "evidentiary support" for the following reasons:

- "[Plaintiff] does not delineate how either defendant violated section 559.72(9). . . . For the same reasons stated above with respect to [Plaintiff's FDCPA claims], [Plaintiff's] claims under section 559.72(9) would fail." **(Rule 11(b)(2) and 11(b)(3))**

- "Ultimately, [Plaintiff] has not filed any material with the Court that would explain the basis for [her] claim [under § 559.72(10)] or provide evidentiary support for this claim. Nor does [Plaintiff] present this claim as a non-frivolous argument for changing existing law or creating new law." **(Rule 11(b)(2) and 11(b)(3))**

- "[Plaintiff's] First Amended Complaint is devoid of any fact that would even tend to support [] a claim [under § 559.72(15)]. . . . Ultimately, [Plaintiff] has not filed any material with the Court that would explain the basis for this claim or provide support for this claim. . . . Finally, [Plaintiff] does not present this claim as a non-frivolous argument for

changing existing law or creating new law." **(Rule 11(b)(2) and 11(b)(3))**

And as for Count III, the district court concluded that Plaintiff's FCRA claims "lacked any arguable legal merit." The court specifically noted that:

- "[Plaintiff] has repeatedly failed to recognize that a plain reading of 15 U.S.C. § 1681b(a)(3)(A) reveals that Defendants had permissible purpose to obtain her Equifax consumer report." **(Rule 11(b)(2))**

- "[Plaintiff] did not present her FCRA claim as a non-frivolous argument for changing existing law or to establish new law. Therefore, it is clear that [Plaintiff's] claim was frivolous and that her counsel failed to conduct even a basic inquiry into the relevant law concerning the FCRA claim contain in the First Amended Complaint." **(Rule 11(b)(2))**

In summing up, the district court explained that "it is clear that prior to filing the First Amended Complaint, [Plaintiff's] counsel failed to conduct a reasonable inquiry into the facts of this case and the relevant law." The court also noted that it was "left with the general impression that [Plaintiff] initiated and prosecuted this case . . . solely in the interest of vexatious retaliation towards Wells Fargo and its attorneys."[4] The district court ultimately ordered Plaintiff to pay Defendants' reasonable attorney's fees and costs incurred in defending the case since the date

---

[4] This suggests the district court found that, on the whole, Plaintiff's amended complaint violated Rule 11(b)(1).

11

Plaintiff had filed her amended complaint.  The district court did not impose any sanctions on Plaintiff's attorney.

No one disputes that Plaintiff's obligation to pay Defendants' fees and costs was discharged in Plaintiff's bankruptcy proceeding.  However, as catalogued above, it appears that the sanctions imposed against Plaintiff were premised in significant part on the fact that Plaintiff's legal theories were not supported by existing law or a reasonable extension thereof.  This plainly violates Rule 11(c)(5)(A), which prohibits courts from imposing sanctions against a represented party based on Rule 11(b)(2), and thus amounts to an abuse of discretion.  *See Massengale v. Ray*, 267 F.3d 1298, 1303 (11th Cir. 2001) ("The award violated the plain language of Rule 11, and the district court abused its discretion in imposing it.").  Because this error so infused the district court's reasoning, the appropriate course of action is to vacate and remand the district court's sanctions orders and allow the district court to reconsider whether any portion of the sanctions should have been imposed against Plaintiff's attorney, keeping in mind "the basic policies of deterrence and education behind Rule 11."  *Indep. Fire Ins. Co. v. Lea*, 979 F.2d 377, 379 (5th Cir. 1992) (quotation marks omitted); *see also Byrne*, 261 F.3d at 1120 ("[B]ecause Rule 11 directs that the sanction should fall upon the individual responsible for the filing of the offending document, we cannot affirm the Rule 11 monetary sanctions against [the represented client]." (quotation marks and citation

12

omitted)).  We express no view as to the proper apportionment of sanctions.  Of course, if the district court determines that some portion of the sanctions were proper as to Plaintiff, she is under no obligation to pay her portion of the fees and costs.

## III.    CONCLUSION

For the foregoing reasons, the district court's sanctions orders are **VACATED** and **REMANDED** for further proceedings consistent with this opinion.