[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11010
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cr-00242-IPJ-HGD-9

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT MICHAEL EVANS,
a.k.a. Hot Dog,
a.k.a. Hot Boy,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 1, 2014)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Robert Michael Evans, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his motion for attorney's fees, costs, and interest related to

his action to recover $27,000 the government seized for forfeiture prior to his criminal prosecution. Mr. Evans argues that the district court abused its discretion by denying his motion under the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2465, because he substantially prevailed against the government in an action to recover seized property, and the CAFRA requires that fees, costs, and interest be paid to prevailing parties under such circumstances. After reviewing the record and the parties' briefs, we affirm.

## I

Authorities searched Mr. Evans' place of business in 2008 and seized $27,000 in United States currency and certain checks allegedly belonging to him. A federal grand jury originally charged Mr. Evans and others with multiple felony counts relating to a drug distribution scheme, and the indictment included a forfeiture count for materials and proceeds related to the drug trafficking offenses. Mr. Evans pled not guilty to the charges and proceeded to trial, where a jury found him guilty on some counts, but acquitted him on others, and found in his favor on the criminal forfeiture count.

In addition to the criminal forfeiture count, the government also undertook administrative forfeiture efforts, with the DEA issuing a declaration of forfeiture. In July of 2012, following his conviction, Mr. Evans sought return of the $27,000 by moving for return of his property pursuant to Rule 41(g) of the Federal Rules of

2

Criminal Procedure.  Mr. Evans argued that the government had not followed the requirements necessary to properly forfeit the money administratively.  In response, the government conceded that a notice of administrative seizure issued by DEA officials had never been delivered to Mr. Evans at his place of incarceration via certified mail and, therefore, it was inadequate.  Based on this concession, the district court set aside the DEA's administrative declaration of forfeiture, and ordered officials to send Mr. Evans a new notice of seizure letter within 60 days.  Neither Mr. Evans nor the government appealed this ruling, which was issued in September of 2012.

In November of 2012, Mr. Evans filed a second motion for return of property.  The district court denied this motion as moot, finding it lacked jurisdiction over the case because an unrelated appeal by Mr. Evans was pending before this Court.  Mr. Evans did not appeal the district court's denial of his second motion.  Instead, he moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

He also filed a motion titled "Notice; Claim Complaint/Return of Property," in which he once again argued that the government's seizure notice was untimely, and that, therefore, the government was required to return the $27,000 to him, along with interest as provided by 28 U.S.C. § 2465(b)(1).  In response, the government conceded that the money should be returned to Mr. Evans, and it

informed the district court that the DEA "will or has begun the process of returning the money at issue to the defendant pursuant to the Debt Collection Improvement Act of 1996." D.E. 927 at 1-2. In light of this concession, the district court entered an order on January 14, 2013, ruling that Mr. Evans' motions for reconsideration and for return of property were moot, as the government had already agreed to return the money and was in the process of doing so. Mr. Evans then filed a motion seeking attorney's fees, costs, and interest pursuant to 28 U.S.C. § 2465(b)(1), which the district court denied.

Although the record suggests that the seized funds have since been returned to Mr. Evans, this appeal follows his unsuccessful attempt to be awarded attorney's fees, costs, and interest in connection with his efforts to recover the seized funds prior to their return.[1]

## II

We review a district court's decision to deny attorney's fees and costs for abuse of discretion. *See Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*,

---

[1] Mr. Evans's *pro se* notice of appeal designated the denial of a post-judgment motion for reconsideration, not the underlying order, as the order on appeal, but we construe his notice to include the latter and therefore exercise jurisdiction over this appeal. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) ("In this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal.") (quotation marks, citations, and alterations omitted). Because Mr. Evans raises no challenges to the denial of the motion for reconsideration, any issue in that respect is abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

4

678 F.3d 1199, 1201 (11th Cir. 2012). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks omitted).

### III

Mr. Evans argues that the district court abused its discretion by denying his motion for attorney's fees, costs, and interest under the CAFRA because he substantially prevailed against the government in his action to recover seized property. We have previously held in other contexts that *pro se* litigants are entitled to an award of attorney fees only to the extent that the "services of an attorney were utilized and fees incurred." *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1089 (5th Cir. Unit A July 27, 1981) (denying attorney's fees to *pro se* litigant under Privacy Act);[2] *Clarkson v. IRS*, 678 F.2d 1368, 1371 (11th Cir. 1982) (denying fee request in *pro se* FOIA suits). There is no indication in the record before us that Mr. Evans paid any attorney for work related to the forfeiture action or the Rule 41(g) proceedings. Mr. Evans proceeded *pro se* the entire time he

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), this Court adopted as binding precedent decisions of the Fifth Circuit, including Unit A panel decisions of that circuit, handed down prior to October 1, 1981. *See United States v. Todd*, 108 F.3d 1329, 1333 (11th Cir.1997).

5

sought the return of the $27,000.[3]   Therefore, he is not entitled to an award of attorney's fees.  *See Clarkson*, 678 F.2d at 1371.

Costs of litigation, however, can be reasonably incurred even by a *pro se* litigant who is not an attorney, assuming he has substantially prevailed.  *See Clarkson*, 678 F.2d at 1372. The CAFRA provides, in relevant part, as follows: "[I]n any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for [ ] reasonable attorney fees and other litigation costs reasonably incurred by the claimant," as well as post-judgment interest.  28 U.S.C. § 2465(b)(1)(A)-(B).  The Ninth Circuit has held that that a plaintiff is entitled to interest under § 2465(b)(1) when the government seeks to forfeit property in a judicial proceeding, but not when it utilizes administrative proceedings to do so.  *See Synagogue v. United States*, 482 F.3d 1058, 1061-64 (9th Cir. 2007).  Although we have not yet addressed the question of whether an administrative forfeiture is considered a civil forfeiture proceeding for purposes of § 2465(b)(1), it is unnecessary to do so here. Even if we were to answer the question in the affirmative, Mr. Evans would still

---

[3] Mr. Evans alleged that he had an attorney assist him with the forfeiture action, but the record indicates only that prior to his criminal trial, Mr. Evans retained an attorney, Cecila Pope, whom he moved to dismiss as his counsel before the trial started. CM/ECF for N.D. Ala., case no.08-CR-00242, dkt. entry dated June 20, 2008; D.E. 261; D.E.771 at 10-16; D.E. 772 at 5-7. The district court appointed new counsel, Gregory Reid, to represent Mr. Evans at trial. D.E. 267, 307. In 2010, after this Court affirmed Mr. Evans' convictions and sentence, *see United States v. Goodlow, et al.*, 389 Fed. App'x. 961 (11th Cir. 2010) (unpublished), Mr. Reid withdrew as Mr. Evans' attorney of record, and Mr. Evans represented himself in all subsequent proceedings. *See* D.E. 713; D.E. 785.

not be entitled to costs and interest, as he did not substantially prevail in the underlying forfeiture proceedings.

Generally, a prevailing party is one who has been given some relief by the court, resulting in some change in the legal relationship between the plaintiff and the defendant. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001)). A litigant is not a prevailing party when his suit only stirs the government to action, rendering the suit moot, because no relief is obtained on the merits of the claim. *See id.* at 605.

In this instance, the district court denied Mr. Evans' claim as moot because the government voluntarily returned the money at issue. Although Mr. Evans' many motions seeking return of the seized property may indeed have been the catalyst that provoked the government to action, the term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 600. *See also id.* at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.").

7

Accordingly, because no relief resulting in some change in the legal relationship between the government and Mr. Evans was ordered by the district court, we conclude that Mr. Evans did not substantially prevail, and is therefore not entitled to costs and interest under the CAFRA.

## V

Based on the foregoing, we affirm the district court's denial of Mr. Evans' motion for attorney's fees, costs, and interest.

**AFFIRMED.**

8