[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15442
Non-Argument Calendar

_____

D.C. Docket No. 9:09-cv-80594-WPD

CITY OF RIVIERA BEACH,

Plaintiff-Appellee,

versus

THAT CERTAIN UNNAMED GRAY, TWO-STORY VESSEL
APPROXIMATELY FIFTY-SEVEN FEET IN LENGTH,
her engines, tackle, apparel, furniture, equipment and all other
necessaries appertaining and belonging in rem,

Defendant,

FANE LOZMAN,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 29, 2016)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Fane Lozman, proceeding pro se, appeals the district court's judgment and several orders in a case brought in admiralty against his floating home by the City of Riviera Beach ("the City"). This Court previously affirmed the district court's finding that it had admiralty jurisdiction over the floating home, see City of Riviera Beach v. That Certain Unnamed Gray, Two-Story Vessel Approximately Fifty-Seven Feet in Length, 649 F.3d 1259 (11th Cir. 2011), but the Supreme Court held that the floating home was not a "vessel" and admiralty jurisdiction did not exist, see Lozman v. City of Riviera Beach, 133 S. Ct. 735 (2013). After dismissing the case for lack of subject-matter jurisdiction on remand, the district court exercised its equity jurisdiction to enter judgment in Lozman's favor for the value of his floating home, which was arrested, sold, and destroyed pursuant to the court's orders based on its mistaken belief that it had admiralty jurisdiction. In this appeal, Lozman argues that: (1) the district court erred by determining that the value of the floating home was $7,500; (2) the district court abused its discretion by denying Lozman's motions for sanctions; and (3) the district court abused its discretion by denying his motion to disqualify the court. After careful review, we affirm.

We review the trial court's findings of fact for clear error, and its conclusions of law de novo. Wexler v. Anderson, 452 F.3d 1226, 1230 (11th Cir.

2

2006). We review the trial court's determination of the value of lost or destroyed property for abuse of discretion and the factual findings underlying that determination for clear error. United States v. Valladares, 544 F.3d 1257, 1269 (11th Cir. 2008) (reviewing a restitution order in a criminal Medicare fraud case). We also review for abuse of discretion a trial court's ruling on the admissibility of expert testimony; a trial court's ruling on a motion for Rule 11 sanctions; a trial court's ruling on whether to exercise its inherent power to impose sanctions; a trial court's treatment of a magistrate judge's Report and Recommendation; and a trial court's decision about whether to recuse. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009); Stephens v. Tolbert, 471 F.3d 1173, 1175 (11th Cir. 2006); In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006); Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1103 (11th Cir. 2005); Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1319-20 (11th Cir. 2002). We review the trial court's finding of bad faith for clear error. See Sciarretta v. Lincoln Nat. Life Ins. Co., 778 F.3d 1205, 1213 (11th Cir. 2015). Under an abuse-of-discretion standard, we will not reverse unless the trial court's ruling is "manifestly erroneous," involves a clear error of judgment, or applies the wrong legal standard. Cook, 402 F.3d at 1103-04, 1107 (quotation omitted). The standard is not relaxed even though a ruling on the admissibility of expert evidence may be outcome-determinative. Id. at 1107.

3

We are precluded from reviewing any error that a party "invited" by inducing or inviting the district court into making the error. United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005). We apply the doctrine of invited error when a party affirmatively requests or specifically agrees with the challenged action of the district court. See, e.g., United States v. Jernigan, 341 F.3d 1273, 1289-90 (11th Cir. 2003) (holding that a defendant invited error by affirmatively stipulating to admission of the evidence challenged on appeal). Merely failing to object to a district court's action, however, is insufficient to trigger the invited error doctrine. United States v. Dortch, 696 F.3d 1104, 1112 (11th Cir. 2012).

First, we find no merit to Lozman's claim that the district court erred by entering judgment in his favor or by determining that the value of the floating home was $7,500. Under Fed. R. Civ. P. 65(c), a district court may require a party to post a security bond in an amount the court considers proper to pay costs and damages sustained by any party found to be wrongfully enjoined or restrained. An award of damages pursuant to an injunction bond rests in the sound discretion of the district court. Alabama ex rel. Siegelman v. U.S. Env. Protection Agency, 925 F.2d 385, 389 (11th Cir. 1991). A maritime bond, on the other hand, is a bond posted by the owner of a vessel that is the subject of a warrant of arrest or other process in rem in an amount sufficient to provide security for the amount claimed, in exchange for a stay of the warrant. 28 U.S.C. § 2464(a).

4

Here, the district court properly exercised its discretion to award Lozman damages. Siegelman, 925 F.2d at 389. The district court's order that the City post a $25,000 bond to protect Lozman in the event that its arrest of his floating home was wrongful was analogous to a Rule 65(c) bond -- its expressly stated purpose was to secure the value of Lozman's home in case the district court found it lacked jurisdiction to order the arrest.[1] It was not, as Lozman argues, a maritime bond, which would be a bond posted by Lozman in exchange for the return of his home during the pendency of the admiralty case. 28 U.S.C. § 2464(a). In any event, to the extent Lozman argues that the district court erred by entering judgment in his favor based upon its equity jurisdiction over the $25,000 bond, he invited that decision. As the record shows, Lozman requested that the district court enter judgment in his favor, guaranteed by the bond, rather than simply releasing the bond. Because he invited this decision, we need not review it.

---

[1] It is worth noting that on remand, the district court retained jurisdiction over issues concerning the bond -- indeed, district courts have original jurisdiction over "any action on a bond executed under any law of the United States." 28 U.S.C. § 1352; cf. Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 979 (11th Cir. 2000); State of Ala. ex rel. Siegelman v. U.S. E.P.A., 925 F.2d 385, 391 (11th Cir. 1991). In this case, the bond had been ordered as part of the City's in rem maritime action for damages, brought pursuant to 46 U.S.C. § 31342. It is also well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. See 28 U.S.C. § 1919.

As for Lozman's challenge to the amount of the judgment, we are unpersuaded.[2]  To begin with, the district court did not err by concluding that Lozman was only entitled to the fair market value of his home at the time of its arrest, rather than its replacement value.  Lozman cites no authority for his claim that he was entitled to replacement value, and in his reply brief, he appears to concede that the proper measure of damages was fair market value, as measured by comparison to the sale prices of similar homes.  Notably, the purpose of the damages award under the security bond was to make Lozman whole for the loss of his floating home.  The magistrate judge's Report and Recommendation correctly explained that an award equal to the replacement value of the home would make Lozman more than whole because of the age and condition of Lozman's home.

Moreover, the district court's factual finding that the fair market value of Lozman's home at the time of its arrest was $7,500 was not clearly erroneous.  As the record reveals, the magistrate judge arrived at this figure based on the high end of the range of values provided by the surveyor, Allister Dredge, who surveyed the home shortly after its arrest.  The magistrate judge noted that only two witnesses offered estimates of the value of the home: Dredge and Jeff Powell, a licensed building contractor who had lived in the same community of floating homes as Lozman.  Of the two estimates, the magistrate judge found Dredge's estimate to be

---

[2] Lozman also requested living expenses, but he does not challenge the district court's determination that he was not entitled to them.

more credible, because it was bolstered by the testimony of United States Marshall Patti Clarke, the Marshall who arrested Lozman's floating home, and William O'Dell, an employee for National Maritime Services, which had taken the home into custody.  Both O'Dell and Clarke testified about the poor condition of the home.  In addition, unlike Powell, Dredge had seen the home at the time of its arrest.  The magistrate judge added that Powell had offered no evidence to support his testimony that his and Lozman's homes were of similar value.

On this record, the magistrate judge's determinations that Dredge's estimate was more accurate and that the value of the home was $7,500 was not clearly erroneous.  Indeed, Lozman's failure to bid more than $4,100 to purchase his home at auction and his initial payment of $17,000 for the home suggests that the $7,500 figure was reasonable.  Nor did the district court err by admitting Dredge's testimony or by basing its ultimate determination of the value of the home on his estimate.  Valladares, 544 F.3d at 1269; Cook, 402 F.3d at 1107.

Lozman raises several other challenges concerning the court's determination of value, but none have merit.  As for his claim that the Supreme Court decision in his case precluded the trial court from relying on a vessel survey for an estimate, that decision only determined whether the home was a vessel for purposes of federal admiralty jurisdiction.  Lozman, 133 S. Ct. at 741.  The fact that the home

was not a vessel for admiralty purposes did not mean that a vessel survey could not provide reliable evidence of its value.

As for the district court's denial of Lozman's request to have his own additional appraisal, Lozman invited that ruling. As the record shows, Lozman opposed the City's request for a joint appraisal in favor of the district court's initial proposal that it select a surveyor from the parties' suggestions. Lozman's requests for an additional appraisal were denied based on this earlier refusal to allow two surveyors to inspect the home at the same time. Lozman did not state in his notice of appeal that he was challenging those denials. Regardless, any error in those denials was invited by Lozman's own opposition to the City's request to have two surveyors. Further, whether Lozman should have been granted a second appraisal is irrelevant to the question of whether the district court made clearly erroneous factual findings based on the evidence presented. Wexler, 452 F.3d at 1230.

As for Lozman's April 2015 motion for relief from judgment, the district court correctly denied it as untimely. In it, Lozman argued that the district court should have reassessed the value of his home based on the second survey that he attached as new evidence. But a Rule 60(b) motion based on new evidence must be made within a year of the order from which it seeks relief. Fed. R. Civ. P. 60(b)(2), (c)(1). Lozman's Rule 60(b) motion was untimely because it was filed on April 10, 2015, and challenged an order issued on March 26, 2014.

As for the district court's decision to rely on evidence presented at the magistrate judge's hearing despite Lozman's alleged lack of notice regarding the nature of that hearing, we find no abuse of discretion. Lozman admits he received notice via PACER of the magistrate judge's hearing on his motion and attended the hearing, at which he presented testimony and documentation from two building contractors. He offers no evidence that a lack of mailed notice violated court rules or that his alleged lack of notice affected the proceedings. While he says he would have presented more evidence of his home's value, he admits that any evidence he was unable to present at the hearing nonetheless was made available to the court. Thus, we cannot say that Lozman's alleged lack of notice about hearing caused the district court's findings of fact to be clearly erroneous.

As for Lozman's argument that the magistrate judge should have excluded Dredge's testimony as the result of an illegal search and seizure, he cites no authority. Instead, he asserts that this Court should treat his case as if it were a criminal case, but does not explain why the exclusionary rule is appropriate in a non-criminal context. And, even if it did apply, the illegal seizure of his home and the subsequent inspections of it were subject to the good-faith exception to the exclusionary rule, because they were conducted based on a judge's erroneous order and then-binding precedent. Massachusetts v. Sheppard, 468 U.S. 981, 990 (1984); Davis v. United States, 564 U.S. 229, 241 (2011). For all of these reasons,

9

the district court's approval of the magistrate judge's estimate that Lozman was entitled to $7,500 in damages was not clearly erroneous, and we affirm.

We also find no merit to Lozman's claim that the district court abused its discretion by denying his motions for sanctions in the form of attorneys' fees and costs. A district court may award sanctions under Rule 11 if a pleading presents a frivolous legal argument or is presented for an improper purpose, such as to harass. Fed. R. Civ. P. 11(b)-(c). Rule 11 sanctions are properly assessed (1) when a party files a pleading without a reasonable factual basis; (2) when a party files a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001). Courts also have the inherent power to award fees if they find a party has proceeded in bad faith. See Sciarretta, 778 F.3d at 1212.

Here, the district court did not abuse its discretion by denying Lozman's motions for sanctions. As for Rule 11 sanctions, the City's arguments that Lozman's home was a vessel and that the district court had admiralty jurisdiction over it were not frivolous. Both the district court and this Court agreed with the City's argument. See City of Riviera Beach, 649 F.3d at 1269. The Supreme Court noted that there was uncertainty among the circuits about this question. Lozman, 133 S. Ct. at 740. Because the law was unsettled, the City's position was

10

not objectively frivolous, and the district court did not abuse its discretion by refusing to award Rule 11 sanctions on that basis. Massengale, 267 F.3d at 1301.

Nor did the court abuse its discretion in denying Lozman's two motions for sanctions based on the City's alleged bad faith in making misrepresentations and omissions. Lozman flagged certain conduct by the City -- including, for example, the City's attorney's representation about when the City hired a maritime firm, and the City's misstatements about the cost of moving the home and its failure to inform the court of its use of a computerized billing system for accurate dockage payments. But Lozman has not shown that the magistrate judge or the district court clearly erred by finding that these issues were immaterial to the case or that the City did not act in bad faith on these issues to a degree that would merit sanctions. Because the district court did not clearly err in finding no bad faith, it did not abuse its discretion by failing to award him attorneys' fees.

The district court also did not abuse its discretion by approving the magistrate judge's Report and Recommendation on Lozman's second motion for sanctions. Contrary to Lozman's assertion, the magistrate judge's report was not too vague to form a basis for the district court's order. As the record shows, the magistrate judge's report identified the correct legal standards and the factual basis for Lozman's motion, and found that the acts he identified did not rise to the level

11

of bad faith.  The district court, therefore, did not abuse its discretion by reviewing this report and denying Lozman's motion for sanctions.

Lozman also claims he was entitled to attorneys' fees based on a Florida state law that awards attorneys' fees to prevailing tenants in self-help evictions. But since the district court did not have diversity jurisdiction in this case, that state law is irrelevant.    The relevant standards governing Lozman's motion for attorneys' fees as a sanction were Rule 11 and the district court's inherent power. Under those standards, the district court did not abuse its discretion by refusing to award attorneys' fees.  Massengale, 267 F.3d at 1302–03 (holding that a district court cannot order a violating party to pay a pro se litigant a  reasonable attorney's fee as part of a Rule 11 sanction).  In fact, in other contexts, attorneys' fees are not available to pro se parties even if a counseled party would be awarded them as a matter of right.  See, e.g., Kay v. Ehrler, 499 U.S. 432, 438 (1991).  Accordingly, we affirm the denial of his motions for sanctions.

Lastly, we are unconvinced by Lozman's claim that the district court and that the Chief Judge of the district court abused their discretion by denying his motion to disqualify the court.  A district judge shall proceed no further when a party makes and files a timely and sufficient affidavit that the judge has a personal bias or prejudice for or against any party.  28 U.S.C. § 144.  The affidavit must be filed not less than ten days before the beginning of the term at which the

12

proceeding is to be heard unless good cause excuses a delay, and it must be accompanied by a certificate of counsel of record stating that it is made in good faith.  Id.; see United States v. Perkins, 787 F.3d 1329, 1343 (11th Cir. 2015).  A §144 affidavit must be strictly scrutinized for form, timeliness, and sufficiency. Perkins, 787 F.3d at 1343.

In order to prevail under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists.  Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).  The alleged bias or prejudice under § 144 must stem from an extrajudicial source.  Liteky v. United States, 510 U.S. 540, 544 (1994).  The exception to the general rule requiring an extrajudicial source is pervasive bias, which supports disqualification if the Court's predisposition is "so extreme as to display clear inability to render fair judgment."  Id. at 551.

In this case, after the district court denied Lozman's motion to disqualify the court, Lozman moved for his motion to disqualify to be transferred to the Chief Judge for the Southern District of Florida, as provided by 28 U.S.C. § 144.  The Chief Judge thereafter denied Lozman's motion to disqualify, and neither court abused its discretion in doing so.  Among other things, Lozman's motion was entirely based on disagreement with judicial orders and presented no evidence of pervasive bias.  Many of these orders objectively applied the Southern District of Florida's administrative policies -- such as the policy barring pro se litigants from

13

registering as CM/ECF users, or the policy barring pro se parties from using cell phones and electronic devices without approval from a judge when Lozman failed to provide a reason. And the remaining orders granted part of what Lozman requested -- such as his motion for extension of time to complete discovery or his motion for sanctions concerning its discovery of certain financial documents. On the basis of these orders, no reasonable observer could be convinced that the district court was biased against Lozman. Christo, 223 F.3d at 1333. As a result, we conclude that the district court and Chief Judge did not abuse their discretion by denying Lozman's motion to disqualify, and we affirm.

**AFFIRMED**.

14