NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT M. EVANS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2210

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01095-LJB, Senior Judge Lynn J. Bush.

---

Decided:  March 13, 2017

---

ROBERT M. EVANS, Talladega, AL, pro se.

AGATHA KOPROWSKI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before WALLACH, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

The instant appeal concerns an alleged breach of contract dispute between Appellant Robert M. Evans and the United States ("the Government"). The U.S. Court of Federal Claims dismissed Mr. Evans's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See Evans v. United States*, No. 15-1095 C, 2016 WL 3006988, at *6 (Fed. Cl. May 17, 2016).

Mr. Evans appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012). We affirm.

BACKGROUND

The U.S. Department of Justice's Drug Enforcement Administration ("DEA") seized $27,000 from Mr. Evans's place of business. Appellee's App. 24–25. The Government later conceded that the notice of seizure was defective and, thus, returned the full $27,000 to Mr. Evans. *Id.* at 32, 35–36, 44. Mr. Evans unsuccessfully sought attorney fees, costs, and interest on the seized assets in the U.S. District Court for the Northern District of Alabama ("the District Court") and, subsequently, the U.S. Court of Appeals for the Eleventh Circuit ("the Eleventh Circuit"). *Id.* at 43–49; *see United States v. Evans*, 561 F. App'x 877, 881 (11th Cir. 2014).

Mr. Evans then filed suit in the Court of Federal Claims alleging, inter alia, that the Government's return of the $27,000 constituted an implied bailment contract entitling Mr. Evans to interest accrued on the seized funds. Appellee's App. 16, 18–19, 24–26. The Government moved to dismiss the Complaint pursuant to RCFC 12(b)(6). *Id.* at 2. The Court of Federal Claims granted the motion, determining that "the allegations of the [C]omplaint do not plausibly establish mutuality of intent or an unambiguous offer of interest on the seized funds" and, thus, "fail[] to state a breach of contract claim upon

which relief may be granted." *Evans*, 2016 WL 3006988, at *6 (footnote omitted).

## DISCUSSION

### I. Standard of Review

"We review a grant of a motion to dismiss for failure to state a claim de novo." *Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016) (citation omitted). To withstand a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When ruling on a motion to dismiss, a court must accept all factual allegations, but not legal conclusions, in a complaint as true. *Id.*

In this appeal, the parties dispute whether, given the uncontested facts, Mr. Evans entered into a contract with the Government. "In the absence of factual disputes, the question of contract formation is a question of law, reviewable *de novo*." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

### II. The Court of Federal Claims Correctly Dismissed Mr. Evans's Complaint Pursuant to RCFC 12(b)(6)

Mr. Evans argues that the Court of Federal Claims erred in dismissing his claim for interest accrued on the seized funds because it "incorrectly decided that [Mr. Evans] did not set forth a breach of bailment[1] contract"

---

[1] A bailment is "[a] delivery of personal property by one person . . . to another . . . who holds the property for a certain purpose . . . under an express or an implied-in-fact

claim and "fail[ed] to take into account [Mr. Evans]'s [d]isgorgement [t]heory." Appellant's Br. 1. We disagree.

Mr. Evans alleges an implied-in-fact contract with the Government. *See, e.g., id.* at 5, 11–12. "[T]he requirements for an implied-in-fact contract are the same as for an express contract." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003). "An implied-in-fact contract with the [G]overnment requires proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the [G]overnment's representative to bind the [G]overnment in contract." *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (internal quotation marks and citation omitted). The plaintiff "bears the burden of proving the existence of an implied-in-fact contract." *Id.*

Mr. Evans has not satisfied his burden as to the first element. Mr. Evans has not pleaded factual content or otherwise identified any record evidence demonstrating the Government's intent to pay him the interest accrued on the seized funds, either before the Court of Federal Claims or this court, *see generally Evans*, 2016 WL 3006988; Appellant's Br., and we have not identified any factually-supported pleadings or evidence to that effect, *see generally* Appellee's App. Although Mr. Evans argues that the DEA's seizure and return of his property created an implied-in-fact contract, Appellant's Br. 5, he fails to explain how these events demonstrate that the Government intended to pay Mr. Evans *interest, see generally id.*; *see also* Appellee's App. 16–30. Therefore, Mr. Evans has not demonstrated an implied-in-fact contract with the Government for interest accrued on the seized funds.

---

contract." *Bailment*, Black's Law Dictionary (10th ed. 2014).

Mr. Evans's arguments to the contrary are unpersuasive. First, Mr. Evans contends that the Court of Federal Claims erred in relying on *Kam-Almaz*'s requirement that he demonstrate mutuality of intent because the *Kam-Almaz* dissent, rather than the majority, is correct. Appellant's Br. 8–13. However, it is well established that "[a] prior precedential decision on a point of law by a panel of this court is binding precedent and cannot be overruled or avoided unless or until the court sits en banc." *Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1309 (Fed. Cir. 2008) (citation omitted). *Kam-Almaz* articulates the operative framework for demonstrating the existence of an implied-in-fact contract with the Government, and we may not depart from it here.

Second, Mr. Evans avers that he established an implied-in-fact contract with the Government based on a disgorgement theory. Appellant's Br. 13. However, Mr. Evans does not explain how this disgorgement theory satisfies his burden of demonstrating mutuality of intent or any of the other elements of an implied-in-fact contract. *See generally id.* To the extent Mr. Evans attempts to raise an independent claim for disgorgement, he has not identified a money-mandating source of substantive law, as required by the Tucker Act, 28 U.S.C. § 1491(a)(1). *See United States v. Testan*, 424 U.S. 392, 398 (1976) ("The Tucker Act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (stating that, to establish Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" (citations

omitted)).[2]  Therefore, the Court of Federal Claims would not have had jurisdiction to adjudicate such a claim.

CONCLUSION

We have considered Mr. Evans's remaining arguments and find them unpersuasive.  Accordingly, the final judgment of the U.S. Court of Federal Claims is

**AFFIRMED**

---

[2]    Before the District Court and the Eleventh Circuit, Mr. Evans argued that he was entitled to pre- and post-judgment interest on the seized funds pursuant to 28 U.S.C. § 2465(b)(1).  Appellee's App. 47; *Evans*, 561 F. App'x at 879.  However, in the Complaint filed with the Court of Federal Claims, Mr. Evans stated that his reliance on § 2465(b)(1) was "inadvertent[]," Appellee's App. 25, and his arguments as to § 2465(b)(1) before the Court of Federal Claims and this court were not related to his disgorgement theory, *see id.* at 22; Appellant's Br. 14–15.  Therefore, Mr. Evans has not identified § 2465(b)(1) as a money-mandating source of substantive law that could confer jurisdiction pursuant to the Tucker Act.